844 P.2d 16

**Edward W. BAKER, Claimant–Appellant,**

v.

**BOISE CASCADE CORPORATION, Employer, Defendant–Respondent.**

**and**

**Idaho Industrial Special Indemnity Fund, Defendant.**

**No. 19065.**

Supreme Court of Idaho, Boise, November 1992 Term.

Dec. 24, 1992.

Michael G. Pierce, Cascade, for claimant-appellant.

Moffatt, Thomas, Barrett, Rock & Fields, Boise, for defendant-respondent. Glenna M. Christensen argued.

JOHNSON, Justice.

This is a workers' compensation case.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS.

Edward W. Baker filed a claim for workers' compensation benefits based on injuries he allegedly sustained while employed by Boise Cascade Corporation in 1978.

At a hearing before a referee appointed by the Industrial Commission, Baker testified that he was injured while working the resaw when he and a number of employees attempted to lift a large log that was wedged in the common transfer area. Baker testified that someone slipped causing the log's full weight to be thrown on Baker, which twisted his back and caused him severe pain. In December 1978, Baker had surgery for a herniated lumbar disk.

The referee recommended to the Commission that Baker not receive compensation for the 1978 injury, finding that Baker failed to prove the injury arose in the course of employment. The Commission adopted the referee's findings and Baker appealed.

## II.

### THERE IS SUBSTANTIAL AND COMPETENT EVIDENCE ON THE RECORD TO SUPPORT THE INDUSTRIAL COMMISSION'S FINDING THAT BAKER FAILED TO PROVE HIS 1978 BACK INJURY WAS AN INDUSTRIAL INJURY.

Baker asserts that the Commission's decision is not based on substantial and competent evidence. We disagree. We have reviewed the record and conclude that there is substantial and competent evidence to support the Commission's finding that Baker failed to prove he sustained an industrial injury in 1978.

Baker testified that he reported his 1978 injury to his supervisor and that his supervisor persuaded Baker to report the claim for medical care for the 1978 injury through the company's health insurance carrier instead of filing a claim for workers' compensation benefits. Baker did not file a notice of injury for more than eight years after the alleged injury. Baker's supervisor testified that he did not remember Baker suffering the injury in 1978 as was described by Baker.

The referee found that Baker's testimony was not credible and that the testimony of Baker's supervisor was credible. The referee cited several inaccuracies in Baker's testimony and noted that Baker's supervisor had no motive to testify untruthfully, because the supervisor left employment with Boise Cascade in 1983, long before the hearing on Baker's claim.

The Commission had substantial and competent evidence upon which to make the finding that Baker did not prove that he suffered an industrial injury in 1978.

## III.

### CONCLUSION.

We affirm the Commission's decision and award Boise Cascade its costs on appeal.

BAKES, C.J., and BISTLINE, McDEVITT and TROUT, JJ., concur.